# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | ED CV 18-1688 FMO (KKx) | Date | January 14, 2019 |
|---|---|---|---|
| Title | Samuel Love v. Azar Issa & Barakat Alnakoud, G.P., et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge |
|---|---|
| Vanessa Figueroa | None Present |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| None Present | None Present |

**Proceedings:**     (In Chambers) Order to Show Cause Re: Dismissal

On August 13, 2018, plaintiff filed a Complaint alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq., with respect to parking facilities owned or operated by defendants Azar Issa & Barakat Alnakoud, G.P., Azar Issa, and Barakat Alnakoud, (collectively, "defendants"). (See Dkt. 1, Complaint at ¶¶ 7-16).

"[T]o invoke the jurisdiction of the federal courts, a disabled individual claiming discrimination must satisfy the case or controversy requirement of Article III by demonstrating his standing to sue at each stage of the litigation." Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 946 (9th Cir. 2011) (en banc). "The irreducible constitutional minimum of standing includes three elements: (1) injury in fact; (2) causation; and (3) redressability." Oliver v. Ralphs Grocery Co., 654 F.3d 903, 907 (9th Cir. 2011) (internal quotation marks omitted). "Because a private plaintiff can sue only for injunctive relief (i.e., for removal of the barrier) under the ADA . . . a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim." Id. at 905. Having reviewed the parties' Joint Rule 26(f) Report, (Dkt. 17), it appears that the alleged violations personally encountered by plaintiff have been remedied. Accordingly, IT IS ORDERED THAT:

1.  No later than **January 22, 2019**, plaintiff's counsel shall show cause in writing with a declaration under penalty of perjury as to why this action should not be dismissed for lack of standing.

2.  Failure to file a timely response to this Order to Show Cause by the deadline set forth above shall be deemed as consent to the dismissal of the action for lack of standing and/or failure to comply with the orders of the court. In addition, failure to file a timely response may result in the imposition of sanctions against plaintiff and/or plaintiff's counsel. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | vdr |